S. LANE TUCKER
United States Attorney

KAREN VANDERGAW
AMY E. MILLER
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: karen.vandergaw@usdoj.gov
Email: amy.miller@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NHA XIONG,<br><br>Defendant. | No.  3:23-cr-00115-JMK-MMS<br><br>COUNT 1:<br>BANK FRAUD<br>    Vio. of 18 U.S.C. § 1344(2)<br><br>COUNT 2:<br>THEFT OF MAIL BY POSTAL<br>EMPLOYEE<br>    Vio. of 18 U.S.C. § 1709<br><br>CRIMINAL FORFEITURE<br>ALLEGATION:<br>    18 U.S.C. § 982 |

**INDICTMENT**

The Grand Jury charges that:

GENERAL ALLEGATIONS

At all times relevant to this Indictment,

1.      Defendant NHA XIONG was a mail carrier employed by the United States Postal Service working in Anchorage, Alaska.

2.      Northrim Bank, Bank of America, KeyBank, and Mt. McKinley Bank were federally insured financial institutions.

## COUNT 1

## THE SCHEME TO DEFRAUD

3.      Beginning on November 21, 2021, and continuing until December 13, 2021, within the District of Alaska, the defendant, NHA XIONG, engaged in a scheme and artifice to defraud the financial institutions and to obtain monies from third party bank accounts owned by, and under the custody of, such financial institutions.

## MATTER AND MEANS

4.      The defendant NHA XIONG used his position as a United States Postal Service letter carrier to steal bank checks from the mail.

5.      The defendant NHA XIONG altered the stolen checks, typically with Whiteout, and then wrote his name on the check to make it appear as if the checks were made out to him.

6.      NHA XIONG then deposited the checks into his bank account.

7.      NHA XIONG did so with the intent to deceive Northrim Bank, Bank of America, KeyBank, and Mt. McKinley Bank and obtain property held by these financial institutions.

8.      NHA XIONG deposited the following stolen, fraudulently endorsed checks into his bank account on or about the dates listed below.

//

//

| November 21, 2021 | KeyBank check #147323 | $3,980.51 |
|---|---|---|
| November 24, 2021 | Bank of America check #1010053653 | $1,076 |
| November 25, 2021 | KeyBank check #377984 | $5,788.88 |
| November 28, 2021 | Northrim check #3974 | $20,000 |
| December 5, 2021 | Mt. McKinley Bank check #5951 | $3,600 |
| December 13, 2021 | Northrim Bank check #4880 | $5,000 |
| | Total | $39,445.39 |

All of which is in violation of 18 U.S.C. § 1344(2).

## COUNT 2

Beginning on November 21, 2021, and continuing until December 13, 2021, within the District of Alaska, the defendant, NHA XIONG, a United States Postal Service employee, did embezzle and steal, letters containing checks which had been entrusted to the defendant and had come into the defendant's possession intended to be conveyed by mail and carried and delivered by any carrier, messenger, agent, and other person employed in any department of the Postal Service.

All of which is in violation of 18 U.S.C. § 1709.

## CRIMINAL FORFEITURE ALLEGATION

1.      The allegations contained in Count 1 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 982.

2.      From his engagement in the violations alleged in Count 1 of this indictment, the defendant, NHA XIONG, shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982, any and all right, title, and interest he may have in any property constituting, or derived from, proceeds he obtained directly or indirectly as a result of said violations,

including but not limited to a sum of money equal to $12,580.51 in United States currency, representing the amount of proceeds obtained as a result of the offense, that is, Bank Fraud.

3.      If any of the property described in paragraph 2, as a result of any act or omission of the defendant:

A. Cannot be located upon the exercise of due diligence;

B. Has been transferred or sold to, or deposited with, a third party;

C. Has been placed beyond the jurisdiction of the court;

D. Has been substantially diminished in value; or

E. Has been commingled with other property which cannot be divided without difficulty,

The United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

All pursuant to 18 U.S.C. § 982.

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ Karen Vandergaw
KAREN VANDERGAW
Assistant U.S. Attorney
United States of America

s/ S. Lane Tucker
S. LANE TUCKER
United States Attorney
United States of America

DATE: December 12, 2023